**Donia M. JOMAA; Hassan Cherri, Petitioners,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4204.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Robert M. Birach, Detroit, MI, for Petitioners.

Carl H. McIntyre, Washington, DC, for Respondents.

Before NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

### ORDER

Donia M. Jomaa has petitioned for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that she was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Jomaa is a native and citizen of Lebanon, who entered the United States as a non-immigrant visitor for pleasure in 1996. The Immigration and Naturalization Service alleged that she had remained in this country beyond the period that was authorized by her visa. Jomaa conceded removability and applied for asylum, the withholding of deportation, and relief under the United Nations Convention Against Torture. She alleged that she had been persecuted by an Islamic resistance group in Lebanon, because the group believed that the members of her family were Israeli sympathizers. An immigration judge ("IJ") denied her applications for relief, and the BIA affirmed that decision "without opinion" on September 25, 2002.

Jomaa now argues that the BIA violated her right to due process by affirming the IJ's decision without issuing a reasoned opinion. Our court has upheld the BIA's streamlined appeals process against both administrative law and due process challenges. *Denko v. INS*, 351 F.3d 717, 727–30 & n. 10 (6th Cir.2003). Judicial review is not compromised by the procedure, as the court reviews the IJ's decision directly when the BIA streamlines its review under 8 C.F.R. § 1003.1(a)(7). *Id.* at 728–29. Thus, Jomaa's due process claim is unavailing.

Jomaa has not raised any challenge to the IJ's denial of her claim under the Convention Against Torture. Hence, she has abandoned this claim for purposes of judicial review. *See United States v. Mick*, 263 F.3d 553, 567 (6th Cir.2001).

To obtain asylum, Jomaa must show that she is a refugee, whose application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A refugee is an alien who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A petition for judicial review should not be granted unless the evidence is so compelling that a reasonable fact-finder would have to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001). To qualify for the withholding of removal, Jomaa must show that there is a clear probability

of persecution if she is removed to Lebanon. *Id.* at 488–89.

 Jomaa argues that she was persecuted in the past because her father and uncle were assassinated by the Islamic resistance and because she and her husband were interrogated by the authorities. Thus, she argues that the government has not rebutted a regulatory presumption that she has a well-founded fear of persecution. These arguments are unpersuasive because the IJ found that the interrogations did not amount to persecution, and because her father's activity during the civil war was not a statutorily protected ground under 8 U.S.C. § 1101(a)(42)(A). The IJ's factual findings must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B), *accord INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Thus, Jomaa is not entitled to a presumption regarding a fear of future persecution, as she has not refuted the IJ's finding that she was not persecuted in the past because of a statutorily protected ground.

The IJ also found that Jomaa did not have a well-founded fear of future persecution because conditions in Lebanon had improved since she left that country in 1992. Jomaa argues that the BIA gave too much weight to the State Department report when it summarily adopted the IJ's finding. However, she has not presented evidence that would compel a different factual finding on this issue. *See* 8 U.S.C. § 1252(b)(4)(B); *Koliada,* 259 F.3d at 487–88.

 The IJ also found that Jomaa did not have a well-founded fear of future persecution because she and her former husband had resettled in the Ivory Coast before coming to the United States. Jomaa argues that she did not receive a formal offer to resettle from the government of the Ivory Coast. However, factors noted by the IJ indicate that she had an implicit offer of some type of permanent residence. *See Ali v. Reno,* 237 F.3d 591, 595 (6th Cir.2001). Indeed, Jomaa's asylum application expressly indicates that she was a permanent resident of the Ivory Coast.

The evidence in this case does not compel a finding that Jomaa is a refugee because it does not show that she has a well-founded fear of persecution. *See Koliada,* 259 F.3d at 487–88; *Ali,* 237 F.3d at 595. Thus, we need not reach the question of whether her asylum application merits a favorable exercise of discretion. *See Koliada,* 259 F.3d at 488. As Jomaa has not established eligibility for asylum, she is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See id.* at 489; *Mikhailevitch,* 146 F.3d at 391.

Accordingly, the petition for judicial review is denied.